### GOODWIN v. CASINO LAND CO.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

SALES—BREACH OF CONTRACT—RIGHT OF ACTION.

    Plaintiff contracted to purchase sand from defendant, to be taken from defendant's land, which was occupied by C. under a prior lease executed by an individual without defendant's authority. *Held*, that defendant, having ratified the lease by recognizing C. as its tenant in proceedings to remove him, was responsible for his acts in excluding plaintiff from the premises, and thereby preventing him from obtaining the benefit of his contract.

Appeal from trial term, New York county.

Action by Mark T. Goodwin against the Casino Land Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William Barnes, for appellant.
S. B. Brownell, for respondent.

PATTERSON, J. The defendant appeals from a judgment entered against it upon the verdict of a jury, and from an order denying a motion for a new trial, in an action brought to recover damages for the breach of a contract. The agreement was in writing, and by its terms the defendant stipulated to sell and deliver to the plaintiff certain quantities of sand upon, and to be taken from, land known as the "Casino Sand Hill," near Astoria, on Long Island. The plaintiff agreed to take 40,000 cubic yards of sand, or an average of 10,000 cubic yards per month for four months, and to pay for it at a fixed price. He also agreed to, and did, pay at the time of the signing of the written agreement the sum of $500 on account. It appears in evidence that after the execution of this contract the plaintiff made preparations to perform it. He employed a force of workmen to remove the sand, and procured barges upon which to carry it away. Upon going to the premises with his employés, he found them in the possession of one Corbin, who, with a large force of men and various appliances and machinery, was taking away sand. Corbin claimed the right to do so under a contract alleged by him to have been

entered into by the defendant with him anterior to the time of the execution of the defendant's contract with the plaintiff. The right of the plaintiff to enter upon the land and remove the sand was disputed by Corbin, who instituted a suit for an injunction to prevent the plaintiff from interfering with his (Corbin's) possession; and he procured a temporary injunction, which, however, was dissolved at the expiration of some 20 days, but thereafter another injunction was procured in the same action. That injunction does not seem to have been dissolved until the termination of Corbin's action, about a year and a half after it was begun. The plaintiff was kept out of possession, and was not able to obtain and take away the sand for which he had contracted.

Upon the trial of this action the main issue litigated arose upon the defendant's denial of liability for the exclusion of the plaintiff from the premises by reason of the existence of the alleged right of Corbin. The defendant claimed that it never made a contract with Corbin, nor authorized one to be made, and that Corbin was a trespasser upon the premises, and that the plaintiff in this action was not prevented from taking possession and removing the sand by reason of any act that had been done or authorized by the defendant. It was proven that a contract was made with Corbin which in terms purported to give him a right to remove the sand for a long period of time, but that contract was executed by an individual, and not by the corporation. Whether or not there was an original authority given by the defendant to that individual to contract with Corbin becomes immaterial; for that act was ratified by the corporation, and Corbin's tenancy was recognized. That recognition is contained in an application made by the defendant, the Casino Land Company, to a justice of the peace in the county of Queens, for process to remove Corbin from the premises involved in this action. The petition for the process recites that on the 1st of October, 1896, the Casino Land Company rented to Corbin, as tenant, the premises and sand bank, the subject of the contract made by the defendant with the plaintiff on the 7th of June, 1897. It is apparent, therefore, that Corbin's possession was as tenant of the defendant, and the plaintiff was not enabled to benefit by his contract by reason of Corbin's possession which was given to him by defendant. The court below instructed the jury that, if they found that the company had ratified the lease to Corbin, the defendant was responsible for the acts of Corbin, and that if he were rightfully there, under a valid and existing lease from the defendant, then the defendant was responsible to this plaintiff for damages for the breach of the contract for which suit is brought, because, if Corbin was in there rightfully, as tenant of the defendant, the defendant had no right to execute a lease of the same premises to the plaintiff, which it could not carry out. The charge of the judge was not excepted to, and the verdict of the jury was based upon sufficient evidence.

It is claimed that the damages were excessive. No exception was taken to the rule of damages as laid down by the trial judge in his charge to the jury. The verdict was for the sum of $2,000, $500 of which was the amount paid by the plaintiff to the defendant at the

time of the execution of the contract. There was evidence to show what it would cost the plaintiff to bring the amount of sand contracted for (including the sum to be paid to the defendant) to the city of New York. It was also shown that there was a market for such sand in the city of New York. One of the witnesses testified that he had sold as much as 400,000 cubic yards of such sand in New York in the course of one year. The market price of sand delivered at or upon the dock at New York was also shown, and from all this evidence the jury were justified in finding that the plaintiff sustained damage by reason of the defendant's breach of the contract to the amount of the verdict, which might well have been for a larger sum.

The judgment and order appealed from must be affirmed, with costs. All concur.